496 A.2d 824

**COMMONWEALTH of Pennsylvania**

v.

**Derek Clarence MAYO, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1985.

Filed Aug. 2, 1985.

338

David F. Wedge, Lancaster, for appellant.

Joseph C. Madenspacher, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before WICKERSHAM, BECK and CERCONE, JJ.

BECK, Judge:

Appellant was convicted of robbery [1] and criminal conspiracy [2] for the holdup of a gasoline station's convenience store. Post-verdict motions were denied, and appellant was sentenced to 33–72 months imprisonment for the robbery conviction, to be served concurrently with a 2–6 year sentence for the conspiracy count.

On appeal appellant claims (1) the trial court erred in failing to suppress evidence gathered while appellant was detained; (2) the trial court erred in granting the Commonwealth an extension under Pa.R.Crim.P. 1100; (3) the identification evidence was insufficient to find appellant guilty beyond a reasonable doubt, and (4) the sentence imposed was excessive. For the reasons stated below, we affirm the judgment of sentence.

The relevant facts are as follows. On December 8, 1982, at approximately 2:23 p.m., East Brandywine Township Police Chief John J. Harp received a radio report that three black males donning ski masks were observed outside a Little Washington bank. The three men were said to be driving a yellow-bottomed, black-topped 1978 or 1979 Chevrolet. Chief Harp had received a report earlier that day that three black males were seen putting on ski masks outside another local bank.

Using an unmarked car, Chief Harp drove towards the Little Washington bank. While driving on a rural road less than a mile from the bank, Chief Harp noticed three black males, one of them appellant, standing in the middle of the road next to a reddish brown and green 1971 Chevrolet. As soon as the men saw the police chief approach, they quickly got into the 1971 Chevrolet and sped away.

Chief Harp drove after them. He noted that the Chevrolet ran one stop sign and exceeded the speed limit by moving up to 65 miles per hour. In addition, the two passengers in the Chevrolet ducked down to keep hidden. During the chase, Chief Harp used his siren and flashing lights. Finally, the three men pulled over. Other police

1. 18 Pa.C.S. § 3701.
2. 18 Pa.C.S. § 903.

officers arrived immediately and kept the men in custody while the chief returned to the spot where he first noticed the men. He saw a log on the roadside which looked as if it had recently been moved. The log blocked a dirt lane running through a field. About 500 feet down the lane, Chief Harp saw a 1978 yellow-bottomed, black-topped Chevrolet. Chief Harp radioed for information and discovered that the car had been stolen that same day. He notified the state police and was soon joined by state troopers. On examining the Chevrolet, the chief noted that its engine was still warm and had been hot-wired.

The chief and the state troopers returned to where the three men were being detained, and the troopers placed the men under arrest. In total, appellant and his two companions were detained approximately one hour and ten minutes.

A search incident to arrest of one of the men uncovered a hunting knife. A search warrant was obtained for the reddish brown and green Chevrolet and a subsequent search of the car's trunk uncovered a ski mask and army jacket. These items were later identified by a convenience store cashier as the knife used and the clothing worn by the men who robbed the store three weeks earlier.

Appellant claims this evidence should have been suppressed since it was the result of an improper detention. The detention was not, as appellant claims, an arrest without probable cause but was in fact a lawful *Terry* stop for investigative purposes. *Commonwealth v. Murray,* 460 Pa. 53, 331 A.2d 414 (1975). In evaluating the reasonableness of an investigative stop, we must examine "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v. Ohio,* 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968); *see Commonwealth v. Moore,* 300 Pa.Super. 488, 446 A.2d 960 (1982). Therefore, the first question is whether Chief Harp was justified in initially detaining appellant and the two other men.

■ To justify an investigative stop, a police officer must rely on "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry*, 392 U.S. at 21, 88 S.Ct. at 1880; *Commonwealth v. Williams*, 298 Pa.Super. 466, 468, 444 A.2d 1278, 1279 (1982).

■ Such an intrusion was indeed warranted in the instant case. Chief Harp saw three black males, less than a mile from the bank at which three black men were just spotted donning ski masks. Their car was stopped in the middle of a rural road. They took off immediately upon being approached by the chief, and ignored the siren and flashing lights beckoning them to pull over. They exceeded the speed limit and ran a stop sign in their flight from Chief Harp. The passengers ducked down to avoid being seen. Certainly, at this point, the police chief had seen enough to justify detaining appellant and his passengers. "Though flight alone will not justify a stop, ... a combination of circumstances, none of which taken alone would justify a stop, may be sufficient." *Moore*, 300 Pa.Super. at 492, 446 A.2d at 962.

■ Since we conclude that the stop was justifiable, we must now determine whether the length of the detention was warranted. The United States Supreme Court recently addressed this issue in *United States v. Sharpe*, — U.S. —, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). In *Sharpe*, the Court rejected the notion that a 20–minute *Terry* stop was unreasonable and stated that its "cases impose no rigid time limitation on *Terry* stops." *Sharpe*, — U.S. at —, 105 S.Ct. at 1575, 84 L.Ed.2d at 615. The Court articulated a standard to use in evaluating the reasonableness of a detention.

> In assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to examine whether the police diligently pur-

sued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant. A court making this assessment should take care to consider whether the police are acting in a swiftly developing situation, and in such cases the court should not indulge in unrealistic second-guessing.

*Id.*, at ——–——, 105 S.Ct. at 1575–76, 84 L.Ed.2d at 615–16 (citations omitted).

■ It is clear from examining the record in the case sub judice that the police acted diligently in their investigation. Here, as in *Sharpe*, appellant's attempt to evade Chief Harp by speeding away, certainly contributed to the length of appellant's detention since in order to investigate appellant's behavior, Chief Harp had to travel to and from the spot where he first noticed the three men. Under these facts, we cannot conclude that the length of detention was unnecessary or unreasonable. The subsequently discovered evidence was properly admitted into evidence.

■ Appellant next claims that the trial court erred in granting the Commonwealth an extension under Pa.R. Crim.P. 1100(c). In order to be granted an extension of the trial run date, the Commonwealth must show it acted with due diligence to bring appellant to trial within the run date. The test for determining whether the Commonwealth acted diligently is one of reasonableness under the circumstances. *Commonwealth v. Wroten*, 305 Pa.Super. 340, 451 A.2d 678 (1982). The record supports the trial court's conclusion that the delay was due to three factors. First, the defense counsel was unavailable for a period of time. In addition, the priority system used by the court to schedule criminal trials required that cases with more imminent run dates be given priority. Finally, a key suppression hearing witness was unavailable at one point because that witness was unexpectedly called to testify in another case. The trial court concluded, and we agree, that the Commonwealth

acted with due diligence in its attempt to bring appellant to trial within the trial run date. Therefore, the extension under Rule 1100(c) was properly granted.

■ Appellant also contends that the identification evidence was insufficient to find appellant guilty beyond a reasonable doubt. However, the record supports the trial court's conclusion that the identification witness, the cashier at the convenience store, had positively and unwaveringly identified appellant and a co-defendant at separately held preliminary hearings and at trial. Although appellant and his co-defendant wore masks at the time of the robbery, the witness was able to identify appellant on the basis of his size, weight, hair, clothing, and build. In addition, the witness positively identified the knife and clothing found in appellant's possession as those used and worn during the robbery. These combined elements made the witness' identification of appellant sufficiently reliable to sustain appellant's conviction. *See Commonwealth v. Smith*, 283 Pa.Super. 360, 423 A.2d 1296 (1981).

■ Finally, appellant claims the imposed sentence was excessive. The record which was certified to this Court contains no docket entry indicating that appellant filed a motion to modify sentence as required by Pa.R.Crim.P. 1410. Appellant was advised on the record at his sentencing hearing of the requirement that the motion to modify sentence be filed within ten days of the imposition of sentence. Appellant's failure to file the motion constitutes a waiver of his sentencing claim. *Commonwealth v. Boyce*, 304 Pa.Super. 27, 450 A.2d 83 (1982).

However, if the question of appellant's sentence were properly before us, we would find that the sentencing judge considered all relevant factors in imposing a sentence which neither exceeds the statutory limit for the crimes committed nor is otherwise an abuse of discretion.

Accordingly, the judgment of sentence is affirmed.