525 A.2d 785

**COMMONWEALTH of Pennsylvania**

v.

**Lawrence WEAVER, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 26, 1987.

Filed May 15, 1987.

Anthony D. Jackson, Philadelphia, for appellant.

Michelle Monaco, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and TAMILIA and CERCONE, JJ.

CIRILLO, President Judge:

This is an appeal from a judgment of sentence by the Court of Common Pleas of Philadelphia County. Appellant Lawrence Weaver was convicted of robbery, aggravated

assault, and possession of an instrument of crime. We affirm.

Appellant raises two issues for review: (1) was trial counsel ineffective in failing to file a written motion to dismiss the charges against appellant pursuant to Pa.R. Crim.P. 1100(f); and (2) did the trial court err in denying appellant's motion to dismiss the charges pursuant to Pa.R. Crim.P. 1100(f).

Because of our disposition of this matter we need not address these issues separately. The circumstances surrounding appellant's arrest and conviction are well documented in both the record and the trial court's opinion, and clearly indicate that any motion to dismiss under Pa.R. Crim.P. 1100(f) was without merit.

It is well settled in this Commonwealth that a person claiming ineffective assistance of counsel bears the burden of proof. *Commonwealth v. Jones*, 298 Pa.Super. 199, 205, 444 A.2d 729, 732 (1982). Additionally, counsel's stewardship of the matter in question is presumed effective. *Commonwealth v. Norris*, 305 Pa.Super. 206, 210, 451 A.2d 494, 496 (1982).

In our review of an ineffectiveness claim we must first determine the threshold question of whether the legal claims underlying the assertions of ineffectiveness are of arguable merit. *Commonwealth v. Pierce*, 345 Pa.Super. 324, 327, 498 A.2d 423, 425 (1985) (en banc), *allocatur granted*, 510 Pa. 244, 507 A.2d 368 (1986). Counsel may never be held ineffective where the legal claim underlying the alleged ineffectiveness is baseless or meritless. *Commonwealth v. Carroll*, 355 Pa.Super. 569, 572, 513 A.2d 1069, 1070 (1986).

Once a determination has been made that the underlying claim has merit, we must decide whether the course of action chosen by counsel "had some reasonable basis aimed at promoting the defendant's interests." *Commonwealth v. Pierce*, 345 Pa.Super. at 327, 498 A.2d at 425.

Even if the underlying claim is found to have at least arguable merit, and counsel's conduct was unreasonable, a litigant has an additional burden. He must show that counsel's ineffectiveness so prejudiced his case that he was denied a fair trial. *Commonwealth v. Pierce*, 345 Pa.Super. at 329, 498 A.2d at 426.

Pa.R.Crim.P. 1100(a)(2) provides that a criminal trial must commence no later than 180 days from the date on which the complaint is filed. The Commonwealth may, upon petition, be granted an extension of time for trial if the court finds that the trial cannot be commenced within the prescribed period despite due diligence on the part of the Commonwealth. Pa.R.Crim.P. 1100(c)(3). The test for determining due diligence is one of "reasonableness under the circumstances," *Commonwealth v. Mayo*, 344 Pa.Super. 336, 342, 496 A.2d 824, 827 (1985) (citing *Commonwealth v. Wroten*, 305 Pa.Super. 340, 451 A.2d 678 (1982)), and the burden of proving due diligence rests with the Commonwealth. *Commonwealth v. Bulling*, 331 Pa.Super. 84, 85, 480 A.2d 254, 257 (1984).

In addition to extensions to the Rule 1100 date, there may be periods of time excluded from the computation of the 180–day period. For example, any delay which results from the unavailability of the defendant or his attorney or from a continuance requested by the defendant's attorney is excluded from the period. Pa.R.Crim.P. 1100(d)(3)(i), (ii).

If there is a Rule 1100 violation and the defendant is not brought to trial within the requisite period, he may apply to the court for dismissal of the complaint against him with prejudice. Pa.R.Crim.P. 1100(f).

Appellant was arrested and a complaint was filed on February 16, 1984. His mechanical Rule 1100 run date was August 14, 1984. At the pre-trial conference, a trial date was set for July 2, 1984. Prior to that date, appellant's attorney requested permission to withdraw as counsel. At that time, the Commonwealth was ready to proceed to trial. On June 22, 1984, appellant's counsel filed a motion to withdraw. On July 18, 1984, the Commonwealth filed a

motion under Rule 1100(c)(1) to extend the Rule 1100 run date. On September 25, 1984, the court allowed appellant's original counsel to withdraw and appointed new counsel. However, appellant's new counsel was unavailable on that date. The court continued the case to October 11, 1984 at which time appellant's counsel was granted a continuance to November 11, 1984 in order to complete discovery. On that same date, the Commonwealth amended its July 18 Rule 1100 motion for extension. On November 11, 1984, appellant's new counsel appeared in court and stated that he did not represent the appellant. A public defender was then appointed as appellant's counsel. The court then set the trial date for March 25, 1985, that being the earliest possible trial date consistent with the court's calendar. The Commonwealth then asked for a further extension under Rule 1100.

On March 18, 1985, the Commonwealth learned that one of it's witnesses would be unavailable for trial. At the same time, defense counsel requested a lineup. The Commonwealth again amended its Rule 1100 petition. The court set June 11, 1985 as the earliest trial date consistent with the court's calendar. On June 11, 1985, appellant's counsel made a motion to dismiss which was denied, the court finding no Rule 1100 violation. Appellant was subsequently convicted of all charges.

The efforts of the Commonwealth to bring appellant to trial within the prescribed period are well documented. The trial court held that the Commonwealth had at all times acted with due diligence in bringing appellant to trial. We agree.

In reviewing the trial court's finding that the Commonwealth acted with due diligence, we initially note that the decision to grant a Rule 1100 extension is within the trial court's sound discretion and shall not be disturbed absent an abuse of discretion. *Commonwealth v. Lohr*, 503 Pa. 130, 139–40, 468 A.2d 1375, 1380 (1983).

It is clear from the record that nearly seven and one half months of the delay in bringing appellant to trial was

directly attributable to appellant and his inability to procure suitable counsel. We have held that delays which are attributable to the unavailability of the defendant or his counsel provide sufficient grounds for extension of the Rule 1100 run date. *Commonwealth v. Hamm,* 325 Pa.Super. 401, 415, 473 A.2d 128, 135 (1984). *See Commonwealth v. Brett,* 262 Pa.Super. 326, 330, 396 A.2d 777, 780 (1978). In addition, Pa.R.Crim.P. 1100(d)(3)(i) provides that the same period may be excluded from the 180–day calculation.

It is clear that there was no abuse of discretion in the granting of the Commonwealth's extensions from the original trial date until February 7, 1985. The case had not been tried at that point solely due to appellant's unpreparedness. Though we sympathize with his inability to secure suitable counsel, he cannot now complain when the Commonwealth is granted extensions for periods necessary to allow his counsel to prepare his case. Under these circumstances, the Commonwealth cannot be said to be acting without due diligence.

The next requested extension of the Rule 1100 run date was made on March 18, 1985. The record indicates that upon learning that a witness would be unavailable for trial, the Commonwealth moved for an extension. The court's ruling on the Rule 1100 extension set June 10, 1985 as the trial date, that being the earliest date available consistent with the court's calendar. After appellant's counsel requested a lineup, one additional day was added to the run date. Appellant's trial began the following day.

The Commonwealth cannot be held to be acting without due diligence when a witness becomes unavailable due to circumstances beyond its control. Thus, when a witness becomes unavailable towards the end of the Rule 1100 run date—due to illness, vacation, or other reason not within the Commonwealth's control, the Commonwealth is prevented from commencing the trial within the requisite period despite due diligence, and an extension of time is warranted. *Commonwealth v. Sharp,* 287 Pa.Super. 314, 317, 430 A.2d 302, 304 (1981) (citing *Commonwealth v. Sinor,* 264 Pa.Su-

per. 178, 183 n. 5, 399 A.2d 724, 727–28 n. 5 (1979)).   It, therefore, cannot be said that the trial court abused its discretion in granting the Commonwealth's request for extension.

We are persuaded by both the facts and the law that the Commonwealth has at all times acted with due diligence in bringing appellant to trial.   Having found no abuse of discretion in the trial court's finding of due diligence, we find any claim of ineffectiveness of counsel based on a Rule 1100 claim to be baseless and without merit.

AFFIRMED.