566 A.2d 1247

**COMMONWEALTH of Pennsylvania**

**v.**

**Clifton W. GUEST, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 17, 1989.

Filed Dec. 5, 1989.

Douglas M. Johnson, Asst. Public Defender, Collegeville, for appellant.

Mary M. Killinger, Asst. Dist. Atty., Norristown, for Com.

Before WIEAND, BECK and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Montgomery County. A jury found the appellant Clifton William Guest guilty of retail theft. We affirm.

On December 17, 1987 at approximately 2:00 p.m., Lower Merion Township Police Officer Urbans observed Guest enter the Bala Cynwyd Shopping Center in a dilapidated green Ford. Urbans, a plain clothes officer patrolling the shopping center, had been instructed to watch for any suspicious activity in the area. At the suppression hearing, he testified that he saw the Ford enter the parking lot, drive

around, and then stop suddenly in a traffic lane in front of the Acme Supermarket, thus blocking traffic. Guest got out of the automobile's passenger seat and walked to a public telephone at the front of the Acme. He did not deposit any money into the telephone; but, he stood holding its receiver for a few minutes. Then he went into the Acme. After approximately thirty-five to forty minutes, he left the store and headed toward the parked Ford.

Officer Urbans noticed a bulge in Guest's shirt. Guest then got into the automobile and exited the parking lot. Officer Urbans, who was then assisted by another officer, stopped the car. The police officers identified themselves and asked Guest and the driver for personal and vehicle identification. The driver gave Officer Urbans a valid license and registration. Initially, Guest gave a false name to Officer Urbans. After obtaining the name "Clifton Guest" and his date of birth, Officer Urbans checked the National Crime Information Center ("NCIC") and found that there was an outstanding bench warrant for Guest in Montgomery County. Guest was arrested and searched. Six packages of Acme labeled steaks were found under his shirt and partially hidden in his pants. Guest did not have a receipt for the meat. Acme personnel identified the packages as Acme merchandise and told Officer Urbans that the meat had not been purchased.

After a preliminary hearing, the case was scheduled for trial. Guest filed an omnibus pre-trial motion asserting that the vehicle stop was illegal and the evidence obtained should have been suppressed. Following a hearing, the suppression motion was denied. Guest's motion for a new trial and in arrest of judgment was also denied. Guest was sentenced to not less than three and one-half years nor more than seven years imprisonment. This appeal followed.

On appeal, Guest asserts that the trial court erred in denying his motion to suppress because Officer Urbans was not justified in executing a *Terry* stop. Guest's claim is without merit. An investigatory stop is justified if a police

officer observes unusual or suspicious conduct leading him to conclude that, based upon his experience, "criminal activity may be afoot." *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Commonwealth v. Espada,* 364 Pa.Super. 604, 528 A.2d 968 (1987); *Commonwealth v. Williams,* 287 Pa.Super. 19, 429 A.2d 698 (1981); *Commonwealth v. King,* 247 Pa.Super. 443, 372 A.2d 908 (1977).

Guest's conduct and the unusual events that occurred before and after Guest entered the Acme led Officer Urbans to suspect that criminal activity may have occurred. His suspicion was based upon the poor condition of the Ford, the unusual motions of the automobile in the parking lot, the sudden stop of the vehicle in front of the Acme, and Guest's activity around the public telephone. In addition, Guest exited the Acme with an obvious bulge in his shirt.

A police officer is not required to decide the importance of each separate observation in determining whether to initiate an investigatory stop. *Commonwealth v. Mayo,* 344 Pa.Super. 336, 496 A.2d 824 (1985). Rather, the law requires the officer to consider the totality of the circumstances surrounding his observations in making an investigatory stop. The propriety of an investigatory stop is determined by whether the officer relied on specific and articulable facts, which, when taken together with rational inferences arising therefrom, reasonably warrant a belief that criminal activity is in progress. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Commonwealth v. Jackson,* 359 Pa.Super. 433, 519 A.2d 427 (1986); *Commonwealth v. Mayo,* 344 Pa.Super. 336, 496 A.2d 824 (1985).

Based upon his observations, Officer Urbans had specific and articulable facts to justify the vehicle stop. Therefore, we hold that the investigatory vehicle stop was legal and that the evidence seized from Guest was properly admitted at trial.

Accordingly, we affirm the judgment of sentence.