**Commonwealth v. Kane**

*Anthony Cappuccio, district attorney,* for Common-wealth.

*Geoffrey Seay,* for defendant.

GOLDBERG, *J.,* October 29, 2008—This case stems from incidents occurring in late 2005, and early 2006, wherein Michael Kane II (appellant) sexually molested his 4-year-old daughter (A.N.). Appellant's allegations of error mostly involve claims of ineffective assistance of counsel.

We file this opinion pursuant to Pennsylvania Rule of Appellate Procedure §1925(a).

## FACTS AND PROCEDURAL HISTORY

On November 29, 2006, a jury found appellant guilty of two counts of aggravated indecent assault of a child less than 13 years of age,[1] two counts of indecent assault of a person less than 13 years of age,[2] endangering the welfare of children,[3] and corruption of minors.[4] The evidence presented at trial established the following:

In March of 2006, the victim, A.N., approached her mother, Marissa Nypower, and reported that appellant had touched her vagina while she was visiting his house. Nypower contacted appellant to inform him of A.N.'s accusations, and also contacted A.N.'s pediatrician who referred her to the Bucks County Children and Youth Social Services. As mandated by law, Children and Youth then reported the abuse to the police. (N.T. 11/28/06, pp. 85, 151-57, 176-82.)

---

1. 18 Pa.C.S. §3125.
2. 18 Pa.C.S. §3126.
3. 18 Pa.C.S. §4304.
4. 18 Pa.C.S. §6301.

On April 21, 2006, appellant was interviewed by Bensalem Township detectives. He acknowledged that he was aware of A.N.'s allegations, but initially denied having made inappropriate contact with her. Appellant did state that he believed his daughter had been touched and was looking for a solution. When the detectives told appellant that they believed he was being untruthful, he acknowledged that starting when A.N. was young, he felt uncomfortable changing her diapers and experienced physical sexual arousal when doing so. (N.T. 11/27/06, pp. 174, 180, 183-84.)

Appellant became upset as the interview progressed and asked for a break. Upon returning from the break, appellant stated that he needed help. Appellant again acknowledged that he got aroused while bathing his daughter, and then admitted to touching her inappropriately. In particular, appellant stated:

"Q. How many times was it with her pants on?

"A. One or two times I got aroused with her pants on.

"Q. With them off?

"A. One or two times, probably more than two, but no more than four. . . .

"Q. Was your hand on her vagina?

"A. Right."

Appellant ended the interview by asking if he could return to the police station the following week to write out a statement, however, he never returned. (N.T. 11/27/06, pp. 177-98, 200-203; N.T. 11/28/06, pp. 111-20.)

Nicole Publick of Children and Youth interviewed appellant on May 2, 2006. Appellant initially denied any wrongdoing, however, after he was confronted with information from the police interview where he admitted touching A.N., appellant acknowledged that he experienced sexual arousal while touching his daughter. (N.T. 11/28/06, pp. 93-101.)

Upon receiving the report of abuse, Children and Youth set up an interview of A.N. Detective Cannon and Nicole Publick, of Children and Youth, watched the interview in an observation room with a two-way mirror and intercom system. A.N. indicated that she was touched by appellant on at least two instances, once on the outside of her clothes and once underneath her clothing. She stated that it hurt when her father touched her, and on one occasion, he inserted two fingers into her vagina. A.N. also stated that each time her father touched her, he told her not to tell anyone. (N.T. 11/27/06, pp. 139, 170; N.T. 11/28/06, pp. 87-89, 92.)

At trial, A.N. testified that appellant touched her pee pee with his fingers. A.N. explained that her pee pee was in the front of her body, and it hurt after he touched her. A.N. stated that the touching occurred when she was in appellant's bed at his house. (N.T. 11/27/06, pp. 139-42.)

Based on this evidence, the jury found appellant guilty of aggravated indecent assault, indecent assault, endangering the welfare of children, and corruption of a minor. (N.T. 11/29/06, pp. 115-16.)

Thereafter, on December 12, 2006, Geoffrey Seay, Esquire, appellant's trial counsel, filed a motion to with-

draw, which was granted on May 24, 2007. On June 26, 2007, appellant was sentenced to three-and-a-half to 10 years incarceration.

Appellant subsequently filed post-sentence motions alleging, inter alia, ineffective assistance of trial counsel. A hearing on these motions was held on October 12, 2007. After these motions were denied, appellant filed a timely notice of appeal. The issues appellant has raised on appeal are set forth verbatim below:

"(1) The trial court erred in failing to conduct a judicial inquiry into the competency of the child witness.

"(2) Trial counsel was ineffective for failing to challenge the competency of the 4-year-old complainant.

"(3) Trial counsel was ineffective for failing to object to testimony by Detective Jennifer Cannon and Nicole Public[k] regarding the complaining witness[s] prior statements.

"(4) Trial counsel was ineffective for failing to object to Detective Ani[n]smans comment on defendant's exercise of his right to remain silent.

"(5) Trial counsel was ineffective failing to object to the testimony of Detective Ani[n]sman that defendant incriminated himself a number of times in his statements to police as this is the ultimate question of fact for determination by the jury.

"(6) Trial counsel was ineffective for failing to subpoena the Children and Youth file regarding the complainant.

"(7) Trial counsel was ineffective for failing to call witnesses whose testimony rebutted the complainant's

testimony on key points. Specifically, trial counsel was ineffective for failing to call Brian Kane and the defendant's father, Michael Kane.

"(8) Trial counsel was ineffective for failing to object to the trial court's charge regarding corruption of the morals of a minor." (Statement of matters complained of on appeal.)

## LEGAL ANALYSIS

### *The Trial Court Did Not Fail To Conduct a Judicial Inquiry Into the Competency of the Child Witness*

In reviewing a challenge of an evidentiary nature such as competency of a witness to testify, a witness is presumed competent unless proven otherwise. *In the interest of J.R.,* 436 Pa. Super. 416, 421, 648 A.2d 28, 31 (1994). The trial court must assess the child witness' competency through an inquiry into her mental capacity if she is under 14 years of age. *Commonwealth v. McMaster,* 446 Pa. Super. 261, 267, 666 A.2d 724, 727 (1995). Yet, the burden of showing the incompetence of a child witness rests on the objecting party. *In the interest of J.R.,* 436 Pa. Super. at 421, 648 A.2d at 31.

A child's competency to testify is measured by her understanding of the duty to tell the truth, the ability to perceive and remember events, and the ability to truthfully communicate those events. *Commonwealth v. Dowling,* 584 Pa. 396, 406, 883 A.2d 570, 576 (2005). The court need not specifically address each of these questions with the child through questioning, but may instead base its finding of competency on the demeanor, thoughtfulness, sincerity, and responsiveness of the child witness. *Id.* at 407, 883 A.2d at 577. The *Dowling* court

found that even though there were no specific questions addressed to the child regarding her competency, the child was still competent because there was no evidence of an inability to perceive and truthfully communicate events. *Id.* Evidence that the child witness knows she may be in trouble if she tells a lie is sufficient to establish her understanding of and duty to tell the truth. *Commonwealth v. Short,* 278 Pa. Super. 581, 588, 420 A.2d 694, 697 (1980).

Here, A.N. was 5 years old at the time of trial, testifying to events that occurred when she was 4 years old. Testimony was elicited from A.N. on her ability to distinguish a lie from the truth, as set forth below:

"Q. [A.N.], when this gentleman, this man here asked you do you promise to tell the truth, do you think that's very important that when you're in this room and you promised this judge that you're going to tell the truth, you understand that's very important, right?

"A. Uh-huh.

"Q. If I told you I was wearing a bright red suit like Santa Clause, is that a truth or a lie?

"A. A lie.

"Q. If I told you—what's your favorite color?

"A. Pink.

"Q. If I told you these walls here were painted pink, is that the truth or a lie?

"A. A lie.

"Q. [sic] I'm going to ask you about something you did for fun recently. Did you go trick or treating for Halloween?

"A. Yeah.

"Q. Can you tell me what did you dress up as for Halloween when you went trick or treating?

"A. A bride.

"Q. What color was your outfit?

"A. White.

"Q. White? At this time I offer [sic] [A.N.] as a competent witness to testify at trial.

"The Court: I don't think there's any

"Trial counsel: No, sir." (N.T. 11/27/06, pp. 136-38.)

Given this colloquy, appellant has not met his burden of establishing incompetence because he has failed to point to any evidence on the record demonstrating A.N.'s incompetence. The court did not err in failing to conduct a second, duplicative judicial inquiry into A.N.'s competence to testify, because evidence of her competency was already established and on the record.

### Appellant's Ineffective Assistance of Counsel Claims Have No Merit

When analyzing claims of ineffective assistance of counsel, we begin with the presumption that counsel was effective. *Commonwealth v. Pappas,* 845 A.2d 829, 844 (Pa. Super. 2004); see also, *Commonwealth v. Miller,* 572 Pa. 623, 646, 819 A.2d 504, 517 (2002); *Commonwealth v. Weaver,* 363 Pa. Super. 194, 196, 525 A.2d 785, 786 (1987). Judicial scrutiny of counsel's performance must be highly deferential. *Strickland v. Washington,* 466 U.S. 668, 689 (1984). Appellant bears the burden of proof in

showing that counsel's performance was so deficient such that counsel was not functioning as counsel under the Sixth Amendment, which precluded appellant from receiving a fair trial. *Weaver,* 363 Pa. Super. at 197, 525 A.2d at 786; see generally, *Strickland,* 466 U.S. at 687-88.

Appellant can only establish ineffective assistance of counsel when he demonstrates that: (1) the underlying claim is of arguable merit; (2) that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate appellant's interest; and (3) that counsel's action or inaction was prejudicial to appellant. *Miller,* 572 Pa. at 645-46, 819 A.2d at 517. For an action or inaction by counsel to be considered prejudicial, there must be reasonable probability that the outcome of the proceedings would have been different but for counsel's alleged error. *Commonwealth v. Cox,* 581 Pa. 107, 125, 863 A.2d 536, 546 (2004); *Commonwealth v. Johnson,* 572 Pa. 283, 302, 815 A.2d 563, 573-74 (2002). All three prongs of the above test must be satisfied. If an appellant fails to meet even one prong of the test, his conviction will not be reversed on the basis of ineffective assistance of counsel. *Pappas,* 845 A.2d at 844.

*Trial Counsel Was Not Ineffective for*
*Failing To Challenge the Competency*
*of the 4-Year-Old Complainant*

The colloquy set forth *infra* clearly demonstrates that A.N. was fully competent to testify. At the post-sentence motion hearing, trial counsel explained that he had the opportunity to observe A.N. at the preliminary hearing in this case, and assessed her to be a competent witness.

(N.T. 11/27/06, pp. 136-38; N.T. 10/12/07, pp. 67-68, 87.)

The assertion that trial counsel was ineffective is without merit, because the record demonstrates that there was no reasonable ground upon which he could have raised an objection on competency.

### Trial Counsel Was Not Ineffective for Failing To Object to Testimony by Detective Jennifer Cannon and Nicole Publick Regarding A.N.'s Prior Statements

Trial counsel was not ineffective for failing to object to testimony by Detective Jennifer Cannon and Nicole Publick regarding A.N.'s prior statements, because these statements were admissible under Rule 613(c) of the Pennsylvania Rules of Evidence, which states:

"Evidence of a prior consistent statement by a witness is admissible for rehabilitation purposes if the opposing party is given an opportunity to cross-examine the witness about the statement, and the statement is offered to rebut an express or implied charge of: (1) fabrication, bias, improper influence or motive, or faulty memory and the statement was made before that which has been charged existed or arose; or (2) having made a prior inconsistent statement, which the witness has denied or explained, and the consistent statements supports the witness[s] denial or explanation." Pa.R.E. 613(c).

On cross-examination, A.N. repeatedly admitted that she could not remember certain details. Trial counsel elicited these admissions of faulty memory, and thus, as expressly provided in the above rule, prior consistent

statements as relayed by Cannon and Publick were permitted to rebut the allegation of faulty memory. (N.T. 11/27/06, pp. 136-45.)

The prosecution may also introduce the complainant's prior statements as evidence of a fresh complaint. See *Commonwealth v. Dillon,* 863 A.2d 597, 602 (Pa. Super. 2004); *Commonwealth v. O'Drain,* 829 A.2d 316, 321-22 (Pa. Super. 2003). As A.N.'s prior statements were made close in time to when the abuse occurred, they fall within the fresh complaint exception to the hearsay rule. (N.T. 11/27/06, p. 168.) Thus, pursuant to this rule and Pa.R.E. 613, trial counsel was not ineffective for failing to object to the introduction of A.N.'s prior consistent statements.[5]

Given all of the above, Cannon and Publick's recitations of A.N.'s out-of-court statements were properly admitted. Thus, trial counsel's inaction in not objecting to the admission of the statements is not ineffective assistance of counsel, because there was no reasonable ground upon which trial counsel could have based an objection.

### *Trial Counsel Was Not Ineffective for Failing To Object to Detective Aninsman's Comment on Appellant's Exercise of His Right To Remain Silent*

Appellant next argues that trial counsel was ineffective for failing to object to Detective Aninsman's alleged

---

5. In his post-sentence motions, appellant also argued that admitting A.N.'s prior consistent statements under Rule 613, even if proper, violated 42 Pa.C.S. §5985.1. The plain language of this statute expands upon the general rules of evidence by providing an additional exception

comment on appellant's right to remain silent. This argument is also meritless and misrepresents the record. In support of this argument, appellant cited Detective Aninsman's redirect trial testimony as follows:

"Q. Detective Aninsman, with regard to the training that you attended, is common that detectives such as yourself or patrol officers who are interrogating somebody that you offer the defendant to write down in his own words his accounts of what happened?

"A. Yes.

"Q. And can you by law or could you ever compel or force somebody to write down something if they didn't want to?

"A. Never.

"Q. In this case had the defendant come back when he said he would come back the subsequent Monday, would he have had the opportunity to review the typed out report if he reused to write down and again, in his own words, his account?

"A. Had he come back he would have been provided the typewritten statement that was testified before that it took hours to type, for him to come back, to review it, and also to make any adjustments to it that he felt proper, which is common for my interviewing techniques. I

---

by which an out-of-court statement of a child victim is admissible. This statute, however, is inapplicable to the case at hand because A.N.'s prior statements were properly admitted under Rule 613. The statute provides that out-of-court statements of a child victim not otherwise admissible are subject to this rule. Because A.N.'s statements were otherwise admitted under Rule 613, 42 Pa.C.S. §5985.1 does not apply.

allow them to take the statement, if we can type it, and they come back for them to review it, make any corrections, and there's portions of interviews where I have made grammatical errors for them so I know they've actually read the statements. They'll change it and initial it. I might spell a word wrong on a question that I ask. This way I know and can testify that they've read it, they've understood it, and they've signed it. That's for typewritten statements. Normally people will write out their own statements in their own words and sign it." (Memorandum in support of post-sentence motions, pp. 11-12, quoting N.T. 11/28/06, pp. 137-38.)[6]

On cross-examination, appellant's counsel attempted to discredit the interview process and imply that appellant was not given the opportunity to share his side of the story. Thus, the redirect examination, as set forth above, was fair response, as the Commonwealth properly attempted to establish that appellant was given the opportunity to review the interview notes and insure the statement was accurate. This process did not implicate appellant's constitutional rights and neither the detective nor the prosecutor commented on the appellant's right to remain silent. (N.T. 11/28/06, pp. 110-21, 124-31, 137-38.)

---

6. Appellant quotes the transcript of Detective Aninsman's trial testimony in his memorandum of law in support of post-sentence motions. Appellant, however, conveniently omitted the pertinent part in the transcript where trial counsel raised an objection, and replaced this objection with an ellipsis. This omission is somewhat misleading and may undercut appellant's argument that trial counsel failed to object.

*Trial Counsel Was Not Ineffective Failing To Object
to the Testimony of Detective Aninsman Who Stated
That Appellant Admitted to Criminal Behavior a
Number of Times in His Statements to Police*

It is understood that admissions of a defendant are admissible as evidence against him in a criminal prosecution as an exception to the hearsay rule under Pennsylvania Rule of Evidence 803(25).[7] Detective Aninsman testified that appellant admitted to criminal behavior on at least 39 different occasions during his interview. Those admissions fall within the widely recognized hearsay exception under Rule 803(25). (N.T. 11/28/06, pp. 110-43.)

Aninsman did not, as alleged by appellant, testify as to his opinion on the ultimate issue of guilt or whether appellant sexually molested his daughter. Rather, Aninsman merely repeated the details of the interview and stated that appellant made incriminating statements. The ultimate issue in this case is not whether or not appellant admitted to criminal behavior 39 times, but rather, whether appellant sexually molested his 4-year-old daughter. As Detective Aninsman did not testify as to the ultimate issue, trial counsel was not ineffective. (N.T. 11/28/06, pp. 110-43.)

---

7. Admission by party-opponent. The statement is offered against a party and is (A) the party's own statement in either an individual or a representative capacity. Pa.R.E. 803(25).

*Trial Counsel Was Not Ineffective for Failing
To Subpoena the Children and Youth File*

23 Pa.C.S. §6339 states that reports from Child Protective Services regarding child abuse are confidential. 23 Pa.C.S. §6339. The only exception to this rule that would allow pretrial access to the child protective records, is if the trial court reviews the materials, in camera, and deems them to be material. *Pennsylvania v. Ritchie,* 480 U.S. 39, 40-41 (1987).

Even if trial counsel had requested that the court do an in camera review of the file, as requested by the public defender post-trial,[8] the information contained therein would not have affected the outcome of the trial.

Specifically, appellant first asserts that the Children and Youth file revealed that A.N. was bragging to her mom's friends about what appellant did to her. Appellant claims that this information may have changed the outcome of the trial, however, this information confirmed the abuse, and thus, was not, as appellant argued, crucial to the defense, but rather, incriminating and corroborative, of A.N.'s testimony.

Appellant also pointed at a discrepancy in the file regarding how A.N. referred to certain body areas. The fact that A.N. referred to her vagina as her front heinie in the Children and Youth forensic interview as opposed

---

8. On August 2, 2007, appellant petitioned for an in camera inspection of the Children and Youth records. The petition was granted on August 9, 2007, by Judge David Heckler of this court, and thereafter, counsel was allowed to review this file. (Order, 8/9/07.)

to her pee pee at trial would not have changed the outcome of this case, because the record is clear that both terms referred to A.N.'s vagina.

Appellant also contended that A.N.'s one statement that he did not put anything into her front heinie, that she was being coached by her mother, and the lack of sexual abuse found by A.N.'s pediatrician were crucial to his defense. This claim is meritless because the Children and Youth file also contained numerous statements by A.N., directly implicating appellant in child abuse, which would have also been brought before the jury.[9] In short, given A.N.'s trial testimony, and appellant's confession, the information contained in the Children and Youth file, most of which was incriminating, would not have materially changed the outcome of this case. Thus, trial counsel was not ineffective for not requesting an in camera review of the Children and Youth file. (N.T. 10/12/07, pp. 45-48.)

### Trial Counsel Was Not Ineffective for Failing To Call Brian Kane and the Appellant's Father, Michael Kane, As Witnesses

A failure to call a witness is not per se ineffective assistance of counsel, for such decision usually involves a

---

9. For instance, A.N. told the Children and Youth interviewer that appellant touched her front heinie and then pointed to the vagina on the drawing of a girl. A.N. demonstrated how appellant touched her by making the same motions on a stuffed animal. A.N. said that appellant told her not to tell anyone, and that appellant touched her on the couch in his bedroom. A.N. also described how appellant put two fingers into her heinie, that it hurt and that he stopped when she told him to. (Children and Youth report, pp. 9-10.)

matter of trial strategy. *Commonwealth v. Auker,* 545 Pa. 521, 548, 681 A.2d 1305, 1319 (1996). To have a valid claim for ineffective assistance of counsel on this ground, appellant must demonstrate:

"(1) [that] the witnesses existed; (2) [that] the witnesses were available; (3) that counsel was informed of the existence of the witnesses or should have known of the witnesses' existence; (4) that the witnesses were available and prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudiced the appellant." *Commonwealth v. Crawley,* 541 Pa. 408, 415, 663 A.2d 676, 679-80 (1995); *Commonwealth v. Lowery,* 784 A.2d 795, 800 (Pa. Super. 2001). Here, the only element of this standard in dispute is whether or not the absence of testimony from Michael and Brian Kane prejudiced the appellant.

At the post-sentence motions hearing, Michael Kane (appellant's father) testified to the description of appellant's room in his house where the abuse allegedly took place, and indicated that it differed from the picture drawn by A.N. depicting the room where she claimed the abuse took place. Despite the inconsistencies between the two room descriptions, Kane admitted that A.N. had been in the same bedroom where appellant admitted to the police that the abuse took place. Therefore, any testimony regarding discrepancies between the actual description of certain rooms and that given by A.N. were immaterial. (N.T. 10/12/07, pp. 6-16, 60-61.)

Similarly, Brian Kane's (appellant's brother) testimony was offered at the hearing on the post-sentence motions. Kane testified as to where people slept in his

father's house and that A.N. had been there with appellant. He conceded that he was at work during the day and could not account for appellant's actions or whereabouts most of the time.

Appellant argues that the absence of Brian Kane's testimony was prejudicial because he would have testified that he never saw appellant touch A.N. inappropriately. Appellant argues that this statement is crucial because A.N. testified that Brian Kane was present when appellant touched her. However, when asked at trial if Brian Kane was present when the abuse occurred, A.N. stated she could not remember. Given appellant's confession, and other evidence, Brian Kane's testimony would not have affected the outcome of this case. (N.T. 10/12/07, pp. 23-31; N.T. 11/27/06, pp. 155, 157.)

### Trial Counsel Was Not Ineffective for Failing To Object to the Court's Charge Regarding Corruption of the Morals of a Minor

The standard of review applied to jury instruction challenges is whether or not the trial court abused its discretion or committed an error of law. *Hall v. Jackson,* 788 A.2d 390, 399 (Pa. Super. 2001). A jury instruction which accurately reflects the law will be upheld, and reversal is only considered when the jury instruction as a whole caused prejudicial error. *Machado v. Kunkel,* 804 A.2d 1238, 1244 (Pa. Super. 2002).

The court properly instructed the jury on the charge of corruption of the morals of a minor by utilizing the language of the statute.[10] In addition to Pennsylvania

---

10. "Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of a minor less than 18 years

Standard Jury Instruction 15.6301A, the court instructed that:

"Corruption of minors can involve a virtually unlimited variety of types of conduct involving a child, and in order to determine whether conduct might corrupt the morals of a minor, common sense of the community and a general sense of decency, propriety and morality which most people entertain will suffice in applying this section to the facts of this case." (N.T. 11/29/06, p. 80.)

This additional instruction was supported by existing precedent. *Commonwealth v. Decker,* 698 A.2d 99 (Pa. Super. 1997).

Contrary to appellant's assertion that this instruction left the jury with the impression that any act whatsoever regarding this individual would constitute corruption of the morals of a minor, the jury instruction clearly stated the grounds upon which the acts corrupting a minor were to be evaluated, specifically common sense and general decency, which was supported by the precedent set forth above. Furthermore, prior to the above jury instruction, the court specifically instructed the jury that the Commonwealth had the burden of proving that appellant engaged in acts that corrupted the morals of a minor. (Memorandum of law in support of post-sentence motions, pp. 22-24; N.T. 11/29/06, p. 80.)

This court's instructions reflect that trial counsel was not ineffective for failing to object. The underlying claim

of age, or who aids, abets, entices, or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court commits a misdemeanor of the first degree." 18 Pa.C.S. §6301(a)(1).

is not of arguable merit, because the jury instruction was given using the language of the applicable Pennsylvania statute, standard jury instructions and applicable precedent.

## CONCLUSION

For the reasons set forth above, this court properly denied appellant's post-sentence motions and upheld appellant's convictions imposed at trial.