J-S28022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| REXFORD SNYDER | |
| Appellant | No. 1320 WDA 2016 |

Appeal from the Judgment of Sentence July 6, 2016
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000267-2015

BEFORE:  OLSON, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED AUGUST 1, 2017**

Rexford Snyder appeals from the July 6, 2016 judgment of sentence entered in the McKean County Court of Common Pleas following his convictions for driving under the influence of alcohol or a controlled substance (DUI) – general impairment, DUI – highest rate of alcohol, driving while operating privilege is suspended or revoked – blood-alcohol content ("BAC") 0.02% or greater while license suspended, and careless driving.[1] We affirm.

The trial court set forth the following factual and procedural history:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(a)(1), 3802(c), 1543(b)(1.1)(i), and 3714(a), respectively

Snyder was charged on March 17, 2015 with [among other things, the aforementioned offenses. Snyder] was preliminarily arraigned on said charges on March 30, 2015, and a preliminary hearing was scheduled before [the] Magisterial District Judge [("MDJ")] on April 22, 2015, which was continued on request of [Snyder] until May 6, 2015 . . . . On May 6, 2015, a preliminary hearing was held before [the] MDJ and all charges were bound over.

[Snyder]'s Last Day to Plea was scheduled for July 16, 2015 and on that day [Snyder] entered a plea of not guilty and requested that his case be listed for jury trial. By notice dated July 28, 2015, [Snyder]'s case was listed for trial as a backup[2] on September 30, 2015 . . . . On September 30, 2015, [Snyder]'s case listed as first backup did not proceed to trial because the primary case was tried on that date. By notice dated January 27, 2016, [Snyder]'s case was then listed for trial on March 15, 2016. [Snyder]'s trial could not take place on March 15, 2016, because the primary case scheduled for March 14, 2016 . . . carried over to a second day on March 15, 2016. No courtroom or judge was available for [Snyder]'s trial. By notice dated March 16, 2016, [Snyder]'s case was listed as the primary case for the next available jury trial date, April 26, 2016.

[Snyder] filed a Motion to Dismiss pursuant to [Pennsylvania] Rule [of Criminal Procedure] 600 on April 15, 2016. The Commonwealth filed an Answer . . . on April 18, 2016 . . . . [After a hearing,] the court . . . denied [Snyder]'s motion [on April 21, 2016].

. . .

The scheduled trial for April 26, 2016, was again continued on the Commonwealth's motion due to the unavailability of the expert laboratory witness because of a

_____

[2] The trial court noted that "[i]n McKean County, the court administrator schedules two or three jury trials on the same day, a primary, a backup, and a second backup. Persons involved in the backups are on call to report to the Court House on a one-hour notice if the priority case does not take place." 1925(a) Statement, 11/10/16, at 3.

medical emergency. The continuance was to May 25, 2016, the next available trial date for the court. On May 24, 2016, the day before trial was to commence, [Snyder] filed his second Motion to Dismiss Pursuant to [Rule] 600. [Snyder] alleged that between April 26, 2016 and May 25, 2016, there was an available trial date, May 23, 2016, two days prior to the trial date which the trial actually took place.

The Court . . . den[ied Snyder]'s Motion to Dismiss [on May 24, 2016 . . .]

1925(a) Statement, 11/10/16, at 3-5 ("1925(a) Op.").

On May 25, 2016, a jury convicted Snyder of the aforementioned charges. On July 6, 2016, the trial court sentenced Snyder to 18 to 60 months' incarceration for one of his DUI convictions[3] and a concurrent 90 days' incarceration for his conviction for driving while operating privilege suspended. On July 18, 2016, Snyder filed a post-sentence motion, which the trial court denied on August 3, 2016. On August 31, 2016, Snyder timely appealed to this Court.

Snyder's sole issue on appeal is "[w]hether the trial court abused its discretion in denying [his] motions to dismiss pursuant to Pa.R.Crim.P. 600?" Snyder's Br. at 5. Our standard of review for Rule 600 claims is an abuse of discretion. *Commonwealth v. Thompson*, 93 A.3d 478, 486

---

[3] The trial court did not specify, either in its sentencing order or Pennsylvania Rule of Appellate Procedure 1925(a) opinion, the DUI conviction upon which it was sentencing Snyder. Based on the length of the sentence, we presume it was DUI – highest rate of alcohol. The trial court correctly determined that the other DUI conviction merged for sentencing purposes.

- 3 -

(Pa.Super. 2014). "The proper scope of review . . . is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party." *Id.* (quoting ***Commonwealth v. Ramos***, 936 A.2d 1097, 1100 (Pa.Super. 2007)). We are also reminded that

> when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.
>
> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters . . ., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Id.* (quoting ***Ramos***, 936 A.2d at 1097) (alterations in original).

Rule 600 provides in pertinent part:

> (A)  Commencement of Trial; Time for Trial
>
> . . .
>
> (2)  Trial shall commence within the following time periods.

- 4 -

> > (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.
>
> > . . .
>
> (C) Computation of Time
>
> > (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.
>
> > . . .
>
> > (3)(a) When a judge or issuing authority grants or denies a continuance:
>
> > > (i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and
>
> > > (ii) the judge shall record the identity of the party requesting the continuance the reasons for granting or denying the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time in within which trial must commence in accordance with this rule.

Pa.R.Crim.P. 600.

While "Rule 600 requires the Commonwealth to try a defendant within 365 days of the filing of a criminal complaint[,] . . . [a] defendant . . . is not automatically entitled to discharge under Rule 600 where trial starts more than 365 days after the filing of the complaint." ***Commonwealth v. Roles***,

116 A.3d 122, 125-26 (Pa.Super. 2015). "Rather, Rule 600 'provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time.'" *Id.* at 126 (quoting *Commonwealth v. Goldman*, 70 A.3d 874, 879 (Pa.Super. 2013)). "The adjusted run date is calculated by adding to the mechanical run date, *i.e.*, the date 365 days from the complaint, both excludable and excusable delay." *Id.*

"Excludable time includes delay caused by the defendant or his lawyer[,] . . . [whereas] excusable delay occurs where the delay is caused by 'circumstances beyond the Commonwealth's control and despite its due diligence.'" *Id.* (quoting *Goldman*, 70 A.3d at 879). "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." *Commonwealth v. Armstrong*, 74 A.3d 228, 236 (Pa.Super. 2013) (quotation omitted). Further, "judicial delay is a justifiable basis for an extension of time if the Commonwealth is ready to proceed." *Commonwealth v. Hunt*, 858 A.2d 1234, 1241 (Pa.Super. 2004) (quotation omitted).

Snyder argues that his trial commenced beyond the mechanical run date and any adjustments thereto. According to Snyder, a number of trial dates were available after his July 16, 2015 request to list his case for trial. Snyder asserts that the Commonwealth has failed to show due diligence

because it "offered no explanation as to why [Snyder]'s case was not tried on any of those available dates." Snyder's Br. at 14.

In its Rule 1925(a) opinion, the trial court found that while Snyder's trial did not occur before the mechanical run date, his trial occurred before the adjusted run date. The trial court first determined that 422 days had passed between the March 17, 2015 criminal complaint and Snyder's May 25, 2016 trial. The trial court then subtracted three periods of time: (1) excludable delay of 14 days between April 26, 2015 and May 6, 2015 based on defense counsel's request to continue the preliminary hearing; (2) judicial delay of 42 days between March 15, 2016 and April 26, 2016 based on the trial court's prior engagement in a two-day jury trial; and (3) excusable delay of 29 days between April 26, 2016 and May 25, 2016 based on the Commonwealth expert's inability to appear for trial due to a medical emergency. After subtracting that delay from the 422 days between the complaint and trial, the trial court determined that the Commonwealth had complied with Rule 600 because 337 days had passed between the complaint and trial. We agree.

The mechanical run date of Snyder's case was March 16, 2016, 365 days from the filing of the criminal complaint. The trial court correctly found that the 14 days between April 26, 2015 and May 6, 2015 was excludable time because "any continuance granted at the request of the defendant or the defendant's attorney" is excludable. *Commonwealth v. Brown*, 875 A.2d 1128, 1135 (Pa.Super. 2005) (quoting *Hunt*, 858 A.2d at 1241). In

addition, the trial court correctly found that the 29 days between April 26, 2016 and May 25, 2016 was excusable time. "It is well settled that 'when a witness becomes unavailable towards the end of the Rule [600] run date[ ]due to illness, vacation, or other reason not within the Commonwealth's control, the Commonwealth is prevented from commencing the trial within the requisite period despite due diligence, and an extension of time is warranted.'" ***Commonwealth v. Corbin***, 568 A.2d 635, 638 (Pa.Super. 1990) (quoting ***Commonwealth v. Weaver***, 525 A.2d 785, 788 (Pa.Super. 1987)). The record shows that, but for the expert's medical emergency, the Commonwealth was ready to try Snyder's case on April 26, 2016.

The trial court also correctly excused the 42 days between March 15, 2016 and April 26, 2016 as judicial delay. While both the Commonwealth and Snyder were ready to try the case on March 15, 2016, the trial court was still conducting a jury trial from March 14 that continued into March 15. Because "no courtroom []or judge was available for [Snyder's] trial," court administration moved Snyder's case to April 26, 2016, which was "the next available jury trial date." 1925(a) Op. at 4. We conclude that these circumstances were not within the Commonwealth's control and, as such, the Commonwealth should not be punished for the delay.

Snyder maintains that a Rule 600 violation occurred because the McKean County Court Administrator testified that there were trial dates available on March 28 and 29, 2016. We disagree. While we recognize that a "trial court may be required to rearrange its docket . . . when judicial delay

has caused a lengthy postponement beyond the period prescribed by the prophylactic procedural rules" and a delay of over 30 days may trigger such a rearrangement, we have stated that "[i]t would be ill-advised to require courts to continually arrange and rearrange their schedules to achieve a rigid accommodation of the deadlines imposed by Pennsylvania's speedy trial procedural rules." *Commonwealth v. Preston*, 904 A.2d 1, 14 (Pa.Super. 2006) (internal quotation omitted). Further, it is well settled that "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable." *Commonwealth v. Mills*, ___ A.3d ___, 2017 WL 2645649 at *2 (Pa. June 20, 2017). Therefore, we conclude that the trial court did not abuse its discretion in excusing the 42-day delay between March 15, 2016 and April 26, 2016.

When we add these periods of excludable and excusable delay to the mechanical run date, we find an adjusted run date of June 9, 2016. Because the Commonwealth tried Snyder on May 25, 2016, we conclude the trial court did not abuse its discretion in finding that no violation of Rule 600 occurred.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/1/2017