185 So.2d 185 (1966)
Richard DOLAN, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 65-563 to 65-566.
District Court of Appeal of Florida. Third District.
April 12, 1966.
*186 Robert L. Koeppel, Public Defender and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Barry Semet, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
PER CURIAM.
Four informations were filed in Dade County against the appellant Richard Dolan, each charging him in three counts with forgery, uttering a forged instrument, and unlawful use of credit card. He was tried and convicted thereon, and received concurrent one-year sentences, and has appealed.
Appellant was arrested on a warrant. The arrest was made in the city of Miami by Miami Beach police detectives. He was frisked for weapons when apprehended, and was then taken to the Miami Beach Police Station where he was required to empty his pockets. He produced certain papers, including a credit card.
The point presented on this appeal is whether the trial court was in error in denying a motion to suppress evidence thus obtained. The precise question is whether after a person is properly arrested and is taken to a police station where he is booked, a search of his person at the police station, without having first obtained a search warrant is an unlawful search, that is, a search which is remote in time and place so as to preclude admission at trial of evidence thus disclosed which is material to the charge against the person arrested.
In our view the search was not unlawful, and the trial court was eminently correct in rejecting the motion to suppress. Certain federal cases relied on by the appellant are not controlling, being distinguishable on the facts. The apprehension and delivery of the defendant to the police station for detention was all a part of the arresting process. The search was not remote as to time or place with respect to the arrest. A second search of an arrested party, in the course of arresting and securing him, is not in violation of law. See Brown v. State, Fla. 1950, 46 So.2d 479, 481; Nixon v. State, Fla.App. 1965, 178 So.2d 620, 622.
No reversible error having been made to appear, the judgments appealed from are affirmed.
Affirmed.