382 So.2d 119 (1980)
The STATE of Florida, Appellant,
v.
Andre Dole BELL, Appellee.
No. 79-1613.
District Court of Appeal of Florida, Third District.
April 1, 1980.
Janet Reno, State's Atty., and Milton Robbins, Asst. State's Atty., for appellant.
No appearance for appellee.
Before NESBITT and BASKIN, JJ., and CHARLES A. CARROLL (Ret.), Associate Judge.
NESBITT, Judge.
The state appeals from an order suppressing tangible evidence. We find that the questioned evidence was improvidently suppressed and reverse.
The testimony before the trial court was uncontradicted and unrefuted. It showed that police officers of the City of Miami observed the defendant at 4:30 a.m. peering into the first floor window of an apartment from an alley. The residential neighborhood in which he was observed was known by the police officers as a high crime area. No other persons were present in the area. The police left their vehicle and approached the defendant. No verbal communication passed. The defendant turned and ran. The officers pursued and ultimately found him hiding behind some trash containers. Officers detained the defendant and asked him his name. He complied and, with the identification obtained, the officers learned by radio that there was an outstanding bench warrant for his arrest. The defendant was then taken to police headquarters where he was arrested. A search of his person produced cocaine. This is the tangible evidence ordered suppressed by the trial court.
The state contends the officers had articulable founded suspicion to stop and detain the defendant. Some of the factors enumerated by the court in State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978) which may be evaluated by police officers to reasonably suggest a suspect's possible commission, the existence, or imminence, of a crime are:
The time; the day of the week; the location; the physical appearance of the suspect; the behavior of the suspect; the appearance and manner of operation of any vehicle involved; anything incongruous or unusual in the situation as interpreted in the light of the officer's knowledge.
354 So.2d at 1247. To this list may be added, the factor of flight. Flight from *120 police evidences guilt. Gibson v. State, 368 So.2d 667 (Fla. 3d DCA 1979); Monnette v. United States, 299 F.2d 847 (5th Cir.1962). "Flight invites pursuit and colors conduct which hitherto has appeared innocent." United States v. Pope, 561 F.2d 663, 668 (6th Cir.1977).
In this case, the conduct of the defendant at the time and place, an area known for its high crime rate, coupled with his flight, afforded the officers their articulable founded suspicion necessary to stop and detain him as contemplated under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The police officers were authorized during the stop and detention of the defendant to ascertain if there was an outstanding warrant for his arrest. See Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); Coney v. State, 341 So.2d 238 (Fla. 3d DCA 1976). The disclosure of a bench warrant authorized the police to arrest the defendant. Wigfall v. State, 323 So.2d 587 (Fla. 3d DCA 1975). Based on a valid arrest, a search of his person was lawful. § 901.21, Fla. Stat. (1979). Contraband seized from a search of his person at police headquarters is clearly admissible in evidence. Dolan v. State, 185 So.2d 185 (Fla. 3d DCA 1966).
Reversed and remanded for further proceedings.