446 A.2d 960

**COMMONWEALTH of Pennsylvania**

v.

**John MOORE, Appellant.**

Superior Court of Pennsylvania.

Submitted October 20, 1981.

Filed June 11, 1982.

**3.** Because of our disposition of this matter, we need not address appellant's remaining contentions.

490

Marlene S. Copperman, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BECK, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that: (1) the lower court erred in denying his motion to suppress evidence; (2) his prior counsel were ineffective in failing to seek suppression of a statement; and (3) the lower court erred in imposing multiple sentences for related offenses arising from the same episode. We find the suppression and ineffectiveness contentions meritless. Because we agree, however, that four of the sentences merged, we vacate the judgments of sentence for aggravated assault, theft, and recklessly endangering, and affirm those for robbery and conspiracy.

On December 26, 1979, at 10:45 p. m., a police officer riding a patrol car in a high crime area saw appellant and another young man emerge from an alley and walk a short way along the street. The two then stopped in front of the lighted window of an electrical supply store, where the officer saw them leafing through something in appellant's hand. Upon noticing the police car, they immediately ran in opposite directions. The officer followed appellant for 300

yards, and several times ordered him to stop. During the chase the officer saw that the object in appellant's hand was a wallet. When appellant stopped, the officer approached him, frisked him, and took the wallet from his hand. He asked appellant where he had gotten the wallet, and appellant replied that he had found it in front of the electrical supply store. This statement, which contradicted the officer's observations, was later introduced at trial. The officer learned the wallet belonged to William Stewart, a man in his fifties who did not match appellant's description. The officer took appellant to Stewart's address, one block from where he had first seen appellant. There he saw a bruised and disheveled man in his fifties stumbling along the street. The man identified himself as William Stewart, said he had just been robbed by two young men, and identified appellant as one of his assailants. Appellant was then arrested, and was arraigned the following morning sometime after eight a. m. Following denial of his suppression motion, trial, and denial of post-trial motions, appellant was sentenced to a prison term of time already served to two years for robbery, to concurrent two-year terms of probation for aggravated assault, theft, and recklessly endangering another person, all to be followed by a three-year term of probation for conspiracy. This appeal followed.

 Appellant contends the lower court erred in denying his suppression motion. Specifically, he argues that the initial stop and the seizure of the wallet were unjustified. We disagree. A police officer may stop a person for brief questioning and investigation, even if he lacks probable cause to make an arrest, when he has observed unusual and suspicious conduct by the person that may reasonably lead him to believe that criminal activity is afoot. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Commonwealth v. Jones*, 474 Pa. 364, 378 A.2d 835 (1977); *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969). To justify such a stop the officer must be able to point to specific and articulable facts, which taken together with rational inferences from those facts, reasonably warrant the intrusion. *Terry v. Ohio, supra; Commonwealth v. Williams*, 287 Pa.

Superior Ct. 19, 429 A.2d 698 (1981). Though flight alone will not justify a stop, *Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914 (1973), a combination of circumstances, none of which taken alone would justify a stop, may be sufficient. *Commonwealth v. Mackie*, 456 Pa. 372, 320 A.2d 842 (1974); *Commonwealth v. Holloway*, 229 Pa. Superior Ct. 128, 323 A.2d 216 (1974). *See Commonwealth v. Dennis*, 236 Pa. Superior Ct. 348, 344 A.2d 713 (1975). The officer here observed appellant and his companion emerge from an alley in a high crime area at night, leaf through an object, and run at first sight of the police. These facts plus permissible inferences from them would lead a man of reasonable caution to suspect criminal activity was afoot. They thus justified the brief investigatory stop. The subsequent seizure and examination of the wallet was within the permissible scope of the investigatory stop, especially because the officer had seen appellant leaf through it with his companion, then clutch it throughout the chase. *See Commonwealth v. LeSeuer*, 252 Pa. Superior Ct. 498, 382 A.2d 127 (1977) (examining stereo equipment during stop); *Commonwealth v. Ellis*, 233 Pa. Superior Ct. 169, 335 A.2d 512 (1975) (taking adding machine during stop). Consequently, the lower court properly denied appellant's suppression motion.

Appellant contends next that his prior counsel were ineffective in failing to seek suppression of his statement that he found the wallet in front of the electrical supply store. We disagree. Counsel may not be deemed ineffective for failing to pursue a baseless or frivolous issue. *Commonwealth v. Wilson*, 482 Pa. 350, 393 A.2d 1141 (1978); *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974). *Accord, Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Appellant argues first that the statement should be suppressed because the officer had not given the warnings against self-incrimination required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Warnings, however, are not required for general on-the-scene investigative questioning conducted to determine whether a crime has been committed or is in progress.

*Commonwealth v. Kloch*, 230 Pa. Superior Ct. 563, 571, 327 A.2d 375, 380 (1974). *Accord, Miranda v. Arizona, supra* at 477, 86 S.Ct. at 1629, 16 L.Ed.2d at 725; *United States v. Perez-Esparza*, 609 F.2d 1284, 1287 n.2 (9th Cir. 1980). The officer's questioning here, early in the investigative stop, as to where appellant had obtained the wallet, was such general questioning to determine whether a crime had been committed, and thus appellant's answer to it was not suppressible for lack of warnings. Appellant argues also that the statement should be suppressed because of pre-arraignment delay. We disagree. *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977), established a per se rule that any statement obtained after arrest but before arraignment shall be inadmissible at trial if the defendant has not been arraigned within six hours of his arrest. Although appellant was not timely arraigned, the statement he now seeks to suppress was given before he had been arrested. Consequently, *Davenport* does not bar its admission at trial. Accordingly, prior counsel were not ineffective in failing to advance these meritless contentions.

■ Appellant contends finally that the lower court erred in imposing multiple sentences for related offenses arising from the same criminal incident.* We agree. "[I]n merger of sentence cases, we focus not only on the similarity of the elements of the crimes but also, and primarily, on the facts proved at trial, for the question is whether those facts show that in practical effect the defendant committed a single criminal act, in which case there will be a merger and only a single sentence may be imposed." *Commonwealth v. Crocker*, 280 Pa. Superior Ct. 470, 475, 421 A.2d 818, 820 (1980) (burglary and criminal trespass). *See Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976) (rape and statutory rape); *Commonwealth v. Eberts*, 282 Pa. Superior Ct. 354, 422 A.2d 1154 (1980) (robbery and reckless endangerment);

* Although appellant did not argue merger below, his contention is not waived. *See Commonwealth v. Walker*, 468 Pa. 323, 330 n.3, 362 A.2d 227, 230 n.3 (1976) (imposing multiple sentences for single criminal act is "beyond the power" of a sentencing court); *Commonwealth v. Crocker*, 280 Pa. Superior Ct. 470, 474 n.2, 421 A.2d 818, 820 n.2 (1980).

*Commonwealth v. Lezinsky,* 264 Pa. Superior Ct. 476, 400 A.2d 184 (arson and criminal mischief). Applying these principles we hold that the lower court erred in imposing separate sentences for robbery, aggravated assault, recklessly endangering and theft, for in practical effect appellant had participated in but one unlawful assault and taking. *Compare* 18 Pa.C.S.A. § 3701 (robbery) *with id.* §§ 2701, 2702, 2705, 3921. *See Commonwealth v. Cavanaugh,* 278 Pa. Superior Ct. 542, 420 A.2d 674 (1980) (aggravated assault and recklessly endangering). The separate sentence for conspiracy was proper, however, because the gravamen of that crime was the separate unlawful act of agreement. 18 Pa.C.S.A. § 903. We need not remand for resentencing, however, because by imposing concurrent terms for the merged offenses, the lower court indicated that it regarded this case as essentially one of robbery in which the other sentences did not influence its sentencing for the principal crime. *See Commonwealth v. Cavanaugh, supra; Commonwealth v. Eberts, supra; Commonwealth v. Lockhart,* 233 Pa. Superior Ct. 60, 296 A.2d 883 (1972).

Accordingly, judgments of sentence for aggravated assault at No. 2396, recklessly endangering at No. 2394, and theft at No. 2398 are vacated. Judgments of sentence for robbery at No. 2395 and conspiracy at No. 2397 are affirmed.

So ordered.