Mac E. ROCK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3389.

Court of Appeals of Alaska.

Dec. 14, 1990.

Rebecca Wright, Asst. Public Defender, Barrow, and John B. Salemi, Public Defender, Anchorage, for appellant.

Marlin D. Smith, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, District Court Judge.*

## OPINION

BRYNER, Chief Judge.

Mac E. Rock pled no contest to the charge of driving while license suspended (DWLS), AS 28.15.291(a), preserving his right to appeal the district court's denial of his motion to suppress evidence obtained as a result of a traffic stop. *Oveson v. Anchorage*, 574 P.2d 801 (Alaska 1978); *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974). Rock argues on appeal that the stop of his car was not supported by a reasonable suspicion of imminent public danger. We affirm.

While stopped at an intersection at approximately 11:00 p.m. on July 16, 1989, Barrow Public Safety Officer Kevin Heath saw a car pass through the intersection. As the car passed Heath, "the driver turned and looked at [Heath] in a suspicious manner." The driver of the car was a man. A woman sat beside him in the passenger's seat, and two children were also in the car. Heath followed the car. When the car turned right on Kongasak Street, Heath lost sight of it momentarily. When Heath turned onto Kongasak, he saw the car pulling out from the shoulder of the street back into the lane of traffic. Heath saw that the man and the woman had switched places in the front seat of the

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

car, and that the man was in the process of passing a baseball cap he had been wearing to the woman. She then attempted to put the cap on her head. Heath was concerned that the man who had originally been driving was intoxicated or should not have been driving for some other reason, so he pulled the car over. Heath recognized the man in the car as Mac Rock. Rock told Heath that he no longer had a driver's license, which Heath confirmed by contacting the police dispatcher. Rock admitted that he had been driving and then switched places with his wife.

Rock moved to suppress all evidence obtained as a result of the stop, arguing that the "suspicious" look he gave Heath, and the fact that he and his passenger switched places, did not create a reasonable suspicion to justify the stop. Magistrate Alice R. Robertson denied the motion to dismiss, ruling that the suspicious look from the driver, the switching places by the driver and the passenger, and the exchange of the baseball cap all combined to create a reasonable suspicion justifying the stop.

■ In Alaska, an investigative stop must be supported by a reasonable suspicion that imminent public danger exists or that serious harm to persons or property has recently occurred. *Coleman v. State*, 553 P.2d 40, 46 (Alaska 1976); *State v. G.B.*, 769 P.2d 452, 454–55 (Alaska App. 1989). A reasonable suspicion that a driver is intoxicated meets the *Coleman* standard. *Ebona v. State*, 577 P.2d 698, 701 (Alaska 1978); *State v. Moran*, 667 P.2d 734, 735 (Alaska App.1983). A suspicion that the driver's license is suspended or revoked is also sufficient to support a traffic stop. *Smith v. State*, 756 P.2d 913, 915–16 (Alaska App.1988).

■ Rock argues that a suspicious look and a change of drivers, when unaccompanied by any bad driving, are insufficient to justify a traffic stop. We agree with Rock that an officer's observation of a "suspicious look" from a passing driver is too subjective and ambiguous a factor to be given much weight in the reasonable suspicion determination. However, we believe that Rock's conduct in suddenly stopping his car and changing places and apparel with a passenger was sufficiently unusual to arouse a reasonable suspicion that the person originally driving had been doing so illegally. "[D]eliberately furtive actions and flight at the approach of strangers or law officers are strong indicia of *mens rea.*" *Sibron v. New York*, 392 U.S. 40, 66, 88 S.Ct. 1889, 1904, 20 L.Ed.2d 917 (1968). In this case, Rock's furtive actions after he saw Heath are strongly indicative of a driving violation.

■ Heath observed Rock engaging in a legally regulated activity—driving a car. Driving is an activity that is legally open to some people—licensed drivers who are not under the influence of intoxicants—and closed to others. Viewed in this context, Rock's conduct in switching places with another person, in an apparent attempt to conceal the fact that he had been in the driver's seat, was suspicious. Actions that appear to be calculated to mislead a police officer as to which person was driving are immediately suggestive of illegal driving. Given the circumstances of this case, we find that the stop was adequately supported by a reasonable suspicion of imminent public danger.

The judgment of the district court is AFFIRMED.