**Darryl DIMASCIO, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

**No. A–3544.**

Court of Appeals of Alaska.

June 28, 1991.

---

Michael B. Logue, Gorton & Oberly, Anchorage, for appellant.

Dennis P. Cummings, Deputy Mun. Prosecutor, and Richard D. Kibby, Mun. Atty., Anchorage, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

OPINION

MANNHEIMER, Judge.

Darryl Dimascio pleaded no contest to driving while intoxicated (DWI), AMC 09.-28.020(A), and driving while license suspended (DWLS), AMC 09.12.010(B). When entering these pleas, he reserved his right to appeal the district court's denial of his motion to suppress the evidence supporting the charges. *See Oveson v. Anchorage,* 574 P.2d 801, 803 n. 4 (Alaska 1978), and *Cooksey v. State,* 524 P.2d 1251, 1255–56 (Alaska 1974). Dimascio argues that the stop of his car by Anchorage Police Officer Gareth Stillman was not supported by reasonable suspicion. We affirm.

At the hearing on the motion to dismiss, Officer Stillman testified that he was driving on Fairbanks Street in the Fairview neighborhood of Anchorage at about 4:30 a.m. on March 18, 1990, when he saw a Mercury automobile stopped in the middle of the road. A man stood in the street next to the car, talking to the driver through the car window. As Stillman approached in his police car, the man on foot ran away from the Mercury and into an alley. The driver of the Mercury put the car in motion and drove slowly down the street.

Suspecting that he might have interrupted a drug transaction, Stillman drove around the block looking for the man who had run away on foot. Stillman made a complete tour of the block and came again to Fairbanks Street; there he saw the Mercury, which had turned around and was again stopped in the street. The man who had fled on foot had also returned, and he was again speaking to the driver through the car window. But when the driver and the pedestrian spotted Stillman's patrol car returning to the scene, the pedestrian again ran away and the Mercury "took off in kind of a hurry", turning east onto Fifteenth Street.

Stillman stopped the Mercury. The driver, Dimascio, was discovered to be intoxicated, and to be driving while his license was suspended.

Dimascio asked the district court to declare this traffic stop illegal. At the hearing on Dimascio's motion, Officer Stillman testified that the Fairview neighborhood has one of the highest crime rates in Anchorage and is known for drug trafficking. Stillman conceded that he did not observe any hand-to-hand contact between Dimascio and the pedestrian. However, based on the area, the hour (4:30 in the morning), and the attempts of both Dimascio and the pedestrian to avoid contact with the police, Stillman suspected that he was witnessing, and had interrupted, a drug transaction. In stopping Dimascio's car, Stillman hoped to determine the identity of both the driver and the pedestrian; Stillman wanted to question the driver regarding the nature of his transaction with the pedestrian.

The district court found that, under the totality of the circumstances, Stillman's stop of Dimascio was justified by reasonable suspicion of criminal activity. The judge particularly relied upon the fact that Dimascio, driving the Mercury, had tried to flee the scene when the patrol car approached the second time, and upon the "highly suspicious activity on the part of the pedestrian". The court found that Stillman was justified in stopping Dimascio either as a suspect or as a witness.

■ In Alaska, an investigative stop must be supported by reasonable suspicion that imminent public danger exists or that serious harm to persons or property has recently occurred. *Coleman v. State,* 553 P.2d 40, 46 (Alaska 1976); *State v. G.B.,* 769 P.2d 452, 454–55 (Alaska App.1989). A reasonable suspicion is one that has an articulable basis in the totality of the circumstances known to the officer. *Gutierres v. State,* 793 P.2d 1078, 1080 (Alaska App.1990) (citing *United States v. Sokolow,* 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)).

Dimascio contends that Stillman suspected criminal activity primarily because the officer considered Fairview to be a high crime area. Dimascio argues that his own activities and those of the pedestrian were not, by themselves, suspicious and would

not have precipitated an investigative stop in another neighborhood.

■ Dimascio is correct that a neighborhood's reputation as a high crime area does not, standing alone, create a reasonable basis for an investigative stop of persons who are apparently loitering in that area. *Ozhuwan v. State,* 786 P.2d 918, 921–22 (Alaska App.1990). However, the police can legitimately take into account the fact that a neighborhood is a high crime area, or is known as a place of drug trafficking, when the police evaluate whether to perform an investigative stop. *United States v. Espinosa,* 827 F.2d 604, 608 (9th Cir. 1987); *State v. Stinnett,* 104 Nev. 398, 760 P.2d 124, 127 (1988); *Commonwealth v. Moore,* 300 Pa.Super. 488, 446 A.2d 960, 962 (1982); and *State v. Bell,* 382 So.2d 119, 120 (Fla.App.1980).

Dimascio is mistaken, moreover, when he asserts that there was nothing suspicious about his and the pedestrian's activities other than their location. The lateness of the hour made the street encounter between a motorist and a pedestrian somewhat unusual. More important, however, were the obvious attempts by both Dimascio and the pedestrian to avoid contact with the police. As we have recently noted, "deliberately furtive actions and flight at the approach of strangers or law officers are strong indicia of *mens rea.*" *Rock v. State,* 802 P.2d 998, 999 (Alaska App.1990) (quoting *Sibron v. New York,* 392 U.S. 40, 66, 88 S.Ct. 1889, 1904, 20 L.Ed.2d 917 (1968)).

■ Like the reputation of a neighborhood, a person's act of trying to avoid contact with the police is generally considered insufficient, by itself, to justify an investigative stop. *See People v. Thomas,* 660 P.2d 1272, 1275 (Colo.1983). But again, like the reputation of the neighborhood, an unprovoked act of flight is a legitimate factor which the police and the courts can take into account when determining reasonable suspicion for a stop. *See United States v. Espinosa,* 827 F.2d at 608; and *United States v. Magda,* 547 F.2d 756, 758 (2nd Cir.1976).

The pedestrian's unprovoked act of running away at the first sight of Stillman could reasonably be considered suspicious. *Gutierres v. State*, 793 P.2d at 1080. *See also State v. Belton*, 441 So.2d 1195, 1198 (La.1983); *State v. Purnell*, 621 S.W.2d 277, 284–85 (Mo.1981); *State v. Bell*, 382 So.2d at 119; *Commonwealth v. Moore*, 446 A.2d at 962. That suspicion was only increased by the subsequent actions of Dimascio and the pedestrian. When Stillman's patrol car drove out of view, the two men returned to the site of their meeting and resumed their conversation. When Stillman completed his circuit of the block and returned to Fairbanks Street, Dimascio and the pedestrian again broke off their conversation: the pedestrian fled on foot a second time, and Dimascio started to drive away in a hurry.

In other words, the facts of Dimascio's case show more than an attempt to avoid contact with the police. Dimascio and the pedestrian parted hurriedly when they first saw the officer, came back to their place of rendezvous when they thought the officer gone, and then ran away at the sight of the returning police car. This pattern of activity is more suspicious than merely leaving an area at the approach of the police. Given the other circumstances—the lateness of the hour and the area's reputation for drug transactions—the actions of Dimascio and the pedestrian were sufficient to establish a reasonable suspicion that the two men were engaged in a criminal transaction when they were observed by Stillman. Because both Dimascio and the pedestrian were fleeing from the scene in different directions, "a prompt investigation [was] required ... as a matter of practical necessity." *State v. G.B.*, 769 P.2d at 456 (quoting *Coleman v. State*, 553 P.2d at 46).

The judgment of the district court is AFFIRMED.