J-S58019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN MITCHELL, JR., | |
| Appellant | No. 724 MDA 2015 |

Appeal from the PCRA Order of March 30, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001268-2008

BEFORE:  GANTMAN, P.J., OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 04, 2015**

Appellant, Kevin Mitchell, Jr., appeals from the order entered on March 30, 2015, dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Counsel filed a petition to withdraw from further representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).[1]  Upon review, we grant counsel's petition to withdraw and affirm the dismissal of Appellant's PCRA petition.

---

[1] Counsel filed a brief pursuant to ***Anders***, apparently in the mistaken belief that an ***Anders*** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief. A ***Turner/Finley*** no-merit letter, however, is the appropriate filing. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter. ***Commonwealth v. Widgins***, 29 A.3d 816, 817 (Pa. Super. 2011).

* Retired Senior Judge assigned to the Superior Court.

On direct appeal, we summarized the facts and history of this case as follows:

> On May 24, 2009, officers from the Lebanon County Police Department conducted a search of Appellant's apartment. Police recovered a nylon bag containing three grams of crack cocaine, a straw, and a razor blade from inside the refrigerator. In addition, in various other rooms, police found two digital scales and an envelope containing a large quantity of plastic baggies. Appellant admitted to police that he was unemployed and purchased the crack cocaine with the intent to sell it.
>
> The Commonwealth charged Appellant with various narcotics related offenses. The trial court scheduled a jury trial to begin on September 18, 2009. That day, Appellant made an oral motion to suppress his statements made to police. The trial court denied the request as untimely. The matter proceeded to trial and a jury found Appellant guilty of the aforementioned crimes. The trial court sentenced Appellant to an aggregate term of five to 10 years of imprisonment.

*Commonwealth v. Mitchell*, 40 A.3d 201 (Pa. Super. 2011) (unpublished memorandum). We affirmed Appellant's judgment of sentence on appeal. *Id.* Our Supreme Court denied further review. *Commonwealth v. Mitchell*, 69 A.3d 601 (Pa. 2013).

On June 6, 2014, Appellant filed a *pro se* PCRA petition, alleging five claims of ineffective assistance of trial counsel. The PCRA court appointed counsel to represent Appellant. The PCRA court held a hearing on March 20,

2015. On March 30, 2015, the PCRA court filed an order and accompanying opinion denying Appellant relief. This timely appeal resulted.[2]

On appeal, Appellant's counsel included the following issue in his brief:

1. Does an examination of the record provide any basis for any arguments supporting reversal or modification of the order in question?

Appellant's Brief at 2.

Prior to reviewing the merits of this appeal, we first decide whether counsel fulfilled the procedural requirements for withdrawing as counsel. ***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012). As we have explained:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under ***Turner***, ***supra*** and ***Finley***, ***supra*** and must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> \*          \*          \*

---

[2] Counsel for Appellant filed a notice of appeal on April 21, 2015. On the same day, counsel also filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(c)(4), stating that he intended to file an ***Anders*** brief. On April 30, 2015, the PCRA court filed an order relying upon its April 2, 2015 decision.

> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Id.**

Here, counsel satisfied all of the above procedural requirements and Appellant has not responded to counsel's request to withdraw. Thus, having concluded that counsel's petition to withdraw is **Turner**/**Finley** compliant, we now undertake our own review of the case to consider whether the PCRA court erred in dismissing Appellant's petition.

In reviewing the denial of PCRA relief,

> we examine whether the PCRA court's determination is supported by the record and free of legal error. To be entitled to PCRA relief, an appellant must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.A. § 9543(a)(2); his claims have not been previously litigated or waived, **id.** § 9543(a)(3); and the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational, strategic, or tactical decision by counsel. **Id.** § 9543(a)(4).

**Commonwealth v. Montalvo**, 2015 WL 1888580, at *7 (Pa. 2015) (quotations, ellipsis and some citations omitted).

Counsel for Appellant identifies three issues for our review. Specifically, Appellant alleges trial counsel was ineffective for failing to: (1) meet with Appellant prior to trial, (2) provide Appellant with discovery

materials, and (3) move to suppress certain statements Appellant made to police. Appellant's Brief at 5-6.

Our Supreme Court stated:

> In order to obtain relief on a claim of ineffectiveness of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth in **Strickland v. Washington**, 466 U.S. 668 (1984). In Pennsylvania, we have applied the **Strickland** test by requiring that a petitioner establish that (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. In other words, prejudice is assessed in terms of whether the petitioner has shown that the demonstrated ineffectiveness sufficiently undermines confidence in the verdict. Counsel is presumed to have rendered effective assistance, and, if a claim fails under any required element of the **Strickland** test, the court may dismiss the claim on that basis.

**Montalvo**, 2015 WL 1888580, at *8 (quotations and some citations omitted). Additionally, "[w]e are bound by the PCRA court's supported credibility determinations." **Commonwealth v. Treiber**, 121 A.3d 435, 451 n.11 (Pa. 2015).

Here, the PCRA court determined that trial counsel adequately consulted with Appellant prior to trial. PCRA Court Order, 4/2/2015, at 1-2 (unpaginated). Upon review of the record, trial counsel testified he met with Appellant "nine, ten or more times" to discuss the case prior to trial. N.T., 3/20/2015, at 17. The trial court found defense counsel credible. We will

not usurp that determination. As such, there is no merit to Appellant's claim that trial counsel was ineffective for failing to meet with him before trial.

Next, the PCRA court concluded Appellant received the Commonwealth's discovery from trial counsel. PCRA Court Order, 4/2/2015, at 2. Trial counsel testified that he provided all of the discovery material to Appellant between one to two months prior to trial. N.T., 3/2/0/2015, at 19. The PCRA credited defense counsel's testimony and, again, we will not disturb that finding. Thus, there is no merit to Appellant's claim that trial counsel was ineffective for failing to turn over discovery.

Finally, the PCRA recognized that Appellant did not claim that his statements to police following his arrest were made in violation of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Instead, Appellant claimed that he never made inculpatory statements to police. PCRA Court Order, 4/2/2015, at 2-3. Thus, the PCRA court determined "the factual challenge of whether or not a statement existed [was] for the jury to determine at trial [and] not the proper subject of a [s]uppression [m]otion." *Id.* We agree.

"Counsel may not be deemed ineffective for failing to pursue a baseless or frivolous issue." *Commonwealth v. Moore*, 446 A.2d 960, 962 (Pa. Super. 1982). "Absent some showing by appellant that an adequate basis existed on which to obtain a pre-trial suppression of the evidence in question, we will not find counsel ineffective." *Commonwealth v.*

*Thomas*, 539 A.2d 829, 837 (Pa. Super. 1988). We previously determined that trial counsel provides effective representation when he affirmatively decides not to file a pretrial motion to suppress his client's statements to police where there were no alleged constitutional violations by police and the defendant insisted that after police advised him of his rights, he made no statement. *See Commonwealth v. Durah-El*, 496 A.2d 1222, 1225 (Pa. Super. 1985). Here, Appellant does not complain that police coerced his statement or somehow violated his constitutional rights. N.T., 3/2/0/2015, at 27. Instead, Appellant testified that he never made the statements at issue. *Id.* Counsel cannot be deemed ineffective for failing to file a motion to suppress when there was no basis for suppression. Hence, Appellant's third contention lacks merit.

On the foregoing basis, and because our independent assessment of the record yields no non-frivolous issues which merit our review, we grant counsel leave to withdraw and we affirm the order denying PCRA relief.

Leave to withdraw granted. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/4/2015