J-S22040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MUAAWIYA MUHAMMAD | : | |
| | : | |
| Appellant | : | No. 1647 EDA 2017 |

Appeal from the Judgment of Sentence April 12, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No.:  CP-23-CR-0004256-2015

BEFORE:   BENDER, P.J.E., STABILE, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 21, 2018**

Appellant, Muaawiya Muhammad, appeals from the judgment of sentence imposed on April 12, 2017, following his jury trial conviction of persons not to possess a firearm, and firearms not to be carried without a license.[1]  Specifically, he challenges the trial court's denial of his motion to suppress the firearm, and the court's admission of testimony of one of the officers on scene.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's November 21, 2017 opinion. On June 14, 2015,[2] at approximately 12:15 a.m., Chester City Police Officer

_____

[1] 18 Pa.C.S.A. §§ 6105 and 6106, respectively.

[2] Some documents in the certified record denote the incident date as June 15, 2015.  However, the transcribed notes of testimony from trial, and the police criminal complaint both state June 14, 2015, therefore, we use that date.

_____

\*   Retired Senior Judge assigned to the Superior Court.

Patrick Flynn observed trash being thrown out of the driver's side rear window of a white Chevrolet Lumina in violation of 18 Pa.C.S.A. § 6501, which prohibits discarding rubbish. (**See** N.T. Suppression Hearing, 7/06/16, at 14, 16; N.T. Trial, 11/03/16, at 29, 32). Officer Flynn activated his flashing lights and siren and attempted to stop the vehicle. Instead of pulling over, the vehicle accelerated through a red light, made a right turn, and approached a park. All four doors of the vehicle opened, and while it was still coming to a stop all four occupants got out of the car and ran in different directions. (**See** N.T. Suppression Hearing, at 17-20). Officer Flynn chased an individual, later identified as Laron Chandler, who exited from the passenger side rear door of the vehicle. (**See id.** at 22).

Officer Arthur Grenier, also of the Chester Police Department, heard Officer Flynn make a radio call about the stop, and responded to it. He saw the vehicle come to a stop, and the occupants run, observing Appellant and one other occupant run toward him, both clutching their waistbands. (**See id.** at 40-41). Suspecting that Appellant might be holding a firearm, Officer Grenier ordered him to stop. After Appellant did not respond, Officer Grenier deployed a Taser. Appellant continued running and Officer Grenier gave chase. Soon thereafter, Appellant tripped on a curb and fell to the ground. As he was falling, he pulled a firearm from his waistband, which firearm fell from his right hand, and slid across the asphalt. (**See id.** at 45, 48). Appellant got up from where he fell and continued running. He was eventually apprehended about a block and a half away; once he was secure, Officer

Grenier returned to where the firearm landed and retrieved it. (*See id.* at 48-49).

Appellant was arrested and charged with felon in possession of a firearm, firearms not to be carried without a license, resisting arrest,[3] tampering with evidence,[4] and disorderly conduct.[5] (*See* Information, 8/12/15, at 1-2). On September 11, 2015, Appellant filed an omnibus pre-trial motion seeking, among other things, to suppress evidence of the handgun recovered during pursuit. (*See* Omnibus Pre-Trial Motion, 9/11/15, at unnumbered pages 2-3). The trial court conducted a suppression hearing on July 6, 2016. At the conclusion of the hearing, the court denied the suppression motion, concluding that "Officer Grenier acquired probable cause when he saw [Appellant] fleeing the car and with [Appellant] holding his waistband in the way that he did. As he testified, the probability that there was something there that [Appellant] was trying to protect from falling or concealing was great." (N.T. Suppression Hearing, at 73-74).

A one-day jury trial commenced on November 3, 2016. At trial, the Commonwealth offered the testimony of Officer Flynn who described the initial summary code violation for discarding rubbish, and ensuing chase. The trial court overruled Appellant's objection, and permitted Officer Flynn to describe

---

[3] 18 Pa.C.S.A. § 5104.

[4] 18 Pa.C.S.A. § 4901(1).

[5] 18 Pa.C.S.A. § 5503(b).

the incident. Officer Flynn testified that after he attempted to pull over the vehicle it fled and eventually drove into a park wherein all four car doors opened and the occupants began to flee. (*See* N.T. Trial, at 42-43). He stated that

> The back right passenger had a black and red hoodie on and he was almost right in front of me when I got out of the car. As I got out, I saw him and when I looked at him, he started pulling a gun out of his waistband so I chased him. So we went running this way, up this alley. . . .

(*Id.* at 43). Officer Grenier also testified, consistent with his testimony at the suppression hearing, that he chased and apprehended Appellant, who fled from the drivers' side rear of the vehicle.

After the Commonwealth completed its case in chief, the trial court granted Appellant's motion for a judgment of acquittal on the charges of tampering with evidence and resisting arrest. (*See id.* at 165-68). Thereafter, the jury found Appellant guilty of person not to possess a firearm, and firearms not to be carried without a license. (*See id.* at 208; Verdict Sheet, 11/03/16).

On April 12, 2017, the trial court sentenced Appellant to not less than sixty, nor more than 120 months of incarceration for possession of firearm prohibited, and imposed a concurrent sentence of not less than forty-two, nor more than eighty-four months of incarceration for firearms not to be carried without a license. Appellant filed a post-sentence motion on April 21, 2017,

which the trial court denied on April 25, 2017. Appellant filed a timely notice of appeal on May 22, 2017.[6]

Appellant raises two questions on appeal:

A. Whether the [h]onorable [t]rial [c]ourt committed [an] error of law and abuse of its discretion, and denied Appellant his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1 Sections 8 and 9 of the Pennsylvania Constitution when it denied Appellant's pre-trial motion to suppress the firearm recovered by police during foot pursuit of the Appellant, where the pursuit by police constituted a seizure of the Appellant, and where the pursuit was undertaken without probable cause, reasonable suspicion or any other lawful justification whatsoever[?]

B. Whether the [h]onorable [t]rial [c]ourt committed [an] error of law and abuse of its discretion in admitting into evidence at trial, testimony by police that another person, one Laron Chandler, ran from the automobile at the same time as the Appellant, that Chandler was also pursued by police and that Chandler discarded a firearm during the pursuit, where Appellant was not charged with conspiring with Chandler to possess either the handgun Appellant had or the one that Chandler had, so that evidence that Chandler discarded a handgun was irrelevant and therefore inadmissible[?] . . .

(Appellant's Brief, at 4-5) (some argument omitted).

In his first issue, Appellant claims that the trial court erred when it denied his motion to suppress the firearm he dropped while fleeing. (*See id.* at 13-23). Specifically, Appellant claims that Officer Grenier lacked reasonable suspicion that he was engaging in criminal activity, and therefore, the chase constituted an unconstitutional seizure. (*See id.*). We disagree.

_____

[6] Pursuant to the trial court's order, Appellant filed a concise statement of errors complained of on appeal on July 3, 2017. The trial court entered its opinion on November 21, 2017. *See* Pa.R.A.P. 1925.

When reviewing the propriety of a suppression order, an appellate court is required to determine whether the record supports the suppression court's factual findings and whether the inferences and legal conclusions drawn by the suppression court from those findings are appropriate. Where the record supports the factual findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. However, where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's conclusions of law are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts.

***Commonwealth v. Foglia***, 979 A.2d 357, 360 (Pa. Super. 2009) (*en banc*),

*appeal denied*, 990 A.2d 727 (Pa. 2010) (citations and quotation marks

omitted).

It is well-settled that

A police officer may detain an individual in order to conduct an investigation if that officer reasonably suspects that the individual is engaging in criminal conduct. ***Commonwealth v. Cook***, 558 Pa. 50, 735 A.2d 673, 676 (1999). "This standard, less stringent than probable cause, is commonly known as reasonable suspicion." ***Id.*** In order to determine whether the police officer had reasonable suspicion, the totality of the circumstances must be considered. [***See***] ***In re D.M.***, 566 Pa. 445, 781 A.2d 1161, 1163 (2001). In making this determination, we must give "due weight to the specific reasonable inferences the police officer is entitled to draw from the facts in light of his experience." ***Cook***, 735 A.2d at 676 (quoting ***Terry v. Ohio***, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, "even a combination of innocent facts, when taken together, may warrant further investigation by the police officer." ***Cook***, 735 A.2d at 676.

***Id.***

"Flight by the suspect can be considered suspicious activity, but flight

alone does not give rise to reasonable suspicion." ***Commonwealth v.***

*Taggart*, 997 A.2d 1189, 1193 (Pa. Super. 2010), *appeal denied*, 17 A.3d 1254 (Pa. 2011) (citation omitted). However, "nervous, evasive behavior such as flight is a pertinent factor in determining reasonable suspicion." *Commonwealth v. Freeman*, 757 A.2d 903, 908 (Pa. 2000) (citation omitted). Additionally, a suspect grabbing his waistband, a movement that police know is often associated with hiding a weapon, is another relevant factor in determining reasonable suspicion. *See Foglia*, *supra* at 361. Furthermore, "a combination of circumstances, none of which taken alone would justify a stop, may be sufficient to achieve a reasonable suspicion." *Commonwealth v. Riley*, 715 A.2d 1131, 1135 (Pa. Super. 1998), *appeal denied*, 737 A.2d 741 (Pa. 1999) (citation omitted); *see also Commonwealth v. Moore*, 446 A.2d 960, 962 (Pa. Super. 1982) ("Though flight alone will not justify a stop, a combination of circumstances, none of which taken alone would justify a stop, may be sufficient.") (citations omitted).

In the instant case, the evidence at the suppression hearing demonstrated that Appellant fled from the police, while holding his waistband, after police observed him throwing trash out the drivers' side rear window of the automobile, in violation of 18 Pa.C.S.A. § 6501. Given the totality of these circumstances, and considering the specific reasonable inferences made by the police at the time, we conclude that reasonable suspicion existed to detain Appellant. *See Foglia*, *supra* at 360; *Riley*, *supra* at 1135. Appellant's first issue does not merit relief.

In his second issue, Appellant claims that the trial court erred when it denied his motion *in limine* and admitted evidence that another occupant of the vehicle, Laron Chandler, was in possession of and discarded a handgun. (*See* Appellant's Brief, at 23-27). He claims that the evidence was irrelevant to the charges against him, that it did little to show the complete story of the case, and that its probative value was outweighed by the danger of unfair prejudice. (*See id.*). Thus, he argues the trial court abused its discretion. We disagree.

Our standard of review is well settled.

> Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Tyson*, 119 A.3d 353, 357–58 (Pa. Super. 2015) (*en banc*), *appeal denied*, 128 A.3d 220 (Pa. 2015) (citations omitted).

"Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence [ ] and . . . the fact is of consequence in determining the action." Pa.R.E. 401(a)-(b). "All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. "The court may exclude relevant evidence if its probative value is outweighed by a danger of . . . unfair prejudice[.]" Pa.R.E. 403. "[A]ll evidence in a criminal proceeding is

- 8 -

prejudicial to the defendant, and . . . relevant evidence is to be excluded only when it is so prejudicial that it may inflame the jury to make a decision based upon something other than the legal propositions relevant to the case." *Commonwealth v. Colon*, 846 A.2d 747, 753 (Pa. Super. 2004), *appeal denied*, 870 A.2d 320 (Pa. 2005) (citation and internal quotation marks omitted).

Initially, we note that Rule 404(b) prohibits admission of other crimes or acts to show a defendant's bad character. Here, in contrast, the evidence in question regarded the crimes or acts of Mr. Chandler. *See* Pa.R.E. 404(b); *Commonwealth v. Johnson*, 160 A.3d 127, 146 (Pa. 2017), *cert. denied*, 138 S. Ct. 508 (2017) (concluding that Rule 404(b) was not implicated where the subject testimony was "not evidence of any particular 'crime, wrong or act' by [Appellant]."). Thus, we consider Appellant's arguments about the relevance and unfair prejudice concerning the evidence of Mr. Chandler's crimes, not whether admission of the testimony complied with Pa.R.E. 404(b).

Appellant claims that Mr. Chandler's fleeing from the vehicle while possessing a handgun "bore no relationship to the charges against [him,]" and therefore should not have been admissible. (Appellant's Brief, at 26; *see id.* at 25-26). He contends that because he was not charged as an accomplice to Mr. Chandler, evidence that he possessed a handgun was irrelevant. (*See id.* at 26). We disagree.

> Rule 401 of the Pennsylvania Rules of Evidence provides a broad definition of relevant evidence, as evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact

at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact. Even evidence that merely advances an inference of a material fact may be admissible. . . .

***Johnson***, ***supra*** at 146 (citations and quotation marks omitted).

Here, Officer Flynn's statement about chasing the back right passenger (Chandler) after the occupants fled into the park, was relevant to the jury's understanding of the events that took place after the occupants of the vehicle fled. The fact that Officer Flynn saw that the back right passenger had a gun was relevant to explaining why he decided to chase that passenger as opposed to the other occupants of the vehicle. (***See*** N.T. Trial, at 46). Additionally, evidence of the conduct of one of the other passengers in the same vehicle is part of the same sequence of events and, therefore, forms part of the natural development of facts. Thus, we conclude that Officer Flynn's statement was relevant. ***See Commonwealth v. Cole***, 135 A.3d 191, 196 (Pa. Super. 2016), *appeal denied*, 145 A.3d 162 (Pa. 2016) (finding evidence relevant when it increased jury's understanding of events).

Appellant next claims that the statement should not have been admitted because its probative value was outweighed by its undue prejudice in violation of Pa.R.E. 403. Specifically, he contends that the "evidence tended to demonstrate some other plan on the part of all the occupants of the car, a matter that was not of concern to the jury," and that "[t]he jury could easily infer[] guilt on the part of Appellant based on the possession of a handgun by one of the other occupants of the vehicle." (Appellant's Brief, at 27). Appellant's argument does not merit relief.

- 10 -

Evidence is not unfairly prejudicial simply because it harms a defendant's case, rather Rule 403's bar "is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case." **Commonwealth v. Foley**, 38 A.3d 882, 891 (Pa. Super. 2012), *appeal denied*, 60 A.3d 535 (Pa. 2013) (citation omitted). While evidence that Mr. Chandler possessed a gun could possibly support an inference that Mr. Chandler committed a crime, there is no reason to believe that it would improperly inflame the jury to find Appellant guilty. Thus, we conclude that the trial court did not abuse its discretion by admitting the evidence. **See Tyson**, **supra** at 357-58.

Moreover, we would conclude that the admission of this evidence, if error, would constitute harmless error. The harmless error doctrine "reflects the reality that the accused is entitled to a fair trial, not a perfect trial." **Commonwealth v. Hairston**, 84 A.3d 657, 671 (Pa. 2014), *cert. denied*, 135 S. Ct. 164 (2014) (citation omitted). Harmless error exists if the error did not prejudice the defendant (or prejudice was *de minimis*), if the evidence was merely cumulative of other untainted evidence, or if the properly admitted evidence was so overwhelming and the prejudicial effect of error so insignificant that the error could not have contributed to the verdict. **See id.** Here, the properly admitted evidence of Appellant himself being in possession of a firearm overwhelmingly established his guilt of persons not to possess a firearm and firearms not to be carried without a license, as to render any error

in the admission of evidence that Chandler possessed a firearm insignificant by comparison and therefore harmless. ***See id.***

Thus, we conclude that Officer Flynn's statement was relevant to the jury's understanding of events, and did not cause unfair prejudice. Therefore, we discern no abuse of the trial court's discretion in admitting Officer Flynn's testimony. ***See Tyson***, ***supra*** at 357-58. Appellant's second issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/18